UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVANCE MAGAZINE PUBLISHERS INC.,
d/b/a CONDÉ NAST,

    Plaintiff,

v.

    Case No.: 21-cv-893

GENTLEMEN'S QUALITY FASHIONS LLC,
d/b/a GQ FASHIONS TAMPA,

    Defendant.

_____/

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

Before the Court is the parties' Joint Motion for Consent Final Judgment and Permanent Injunction (the "Motion"). After considering the Motion and the stipulations of the parties, the Court hereby enters the following findings of fact, conclusions of law, and Order:

1. This Court has jurisdiction over Defendant Gentlemen's Quality Fashions LLC, d/b/a GQ Fashions Tampa ("Defendant") and over the subject matter at issue in this action.

2. Defendant is a limited liability company, organized and existing under the laws of the State of Florida, with its principal place of business at 3010 East Hillsborough Avenue, Tampa, Florida 33610. Defendant's

members are Ramesh Harjani and Asha Harjani, both of whom are residents of the State of Florida.

3. Plaintiff Advance Magazine Publishers Inc. d/b/a Condé Nast ("Condé Nast") has continuously used in commerce the marks GQ and GQ STYLE and the stylized marks **GQ** and **GQ** (collectively, the "GQ Mark") in the United States in connection with its magazine *GQ* and other goods and services for more than sixty (60) years.

4. The magazine as well as its corresponding website covers the subject matter of fashion, entertaining, food, beverages, travel, and culture. In its magazine and website, and through its sponsored events throughout the United States, Condé Nast promotes the goods and services of others using its GQ Mark.

5. In addition to the magazine and the website, Condé Nast has expanded its use of the GQ Mark to other goods and services, including collaborating with apparel brands and fashion designers to release a line of GQ-approved men's clothing.

6. In addition to the common law rights in its GQ Mark, Condé Nast owns a number of federal trademark registrations for its GQ Mark in connection with its goods and services, including Registration Nos. 1298799,

2

2897762, 3436617, 4642438, 2956663, 1833829, 5392161, 5392162, 3925065, 2695465, 5007105, 5196535, and 5611138 (the "Registered Marks").

7. Defendant acknowledges the validity of the Registered Marks and Condé Nast's ownership of the Registered Marks.

8. Since its first use of the GQ Mark, Condé Nast has spent significant resources advertising, developing, and promoting the GQ Mark. The GQ Mark has become synonymous with the upscale lifestyle products, apparel, clothing, and services that are contained within the editorial pages and advertisements published in the magazine and on the website and promoted through events, contests, licensed merchandise, and gatherings. As a result, consumers throughout the United States (including consumers in the State of Florida) instantly associate men's clothing, fashion, apparel, and accessories with Condé Nast's distinctive and famous GQ Mark.

9. The GQ Mark is famous in Florida and throughout the United States, and consumers have come to associate the GQ Mark uniquely with Condé Nast and its goods and services.

10. Defendant operates a brick and mortar retail clothing store, "GQ Fashions" in Tampa, Florida where it is engaged in the marketing and sale of a wide variety of apparel, shoes, and accessories.

11. Defendant uses "GQ Fashions" in connection with its retail store services. Further, Defendant uses "GQ Fashions" in connection with the

3

marketing and advertising of its retail store services via the Internet and print.

12. Defendant's target customers overlap with Condé Nast's target customers.

13. Defendant's services rendered under the term "GQ Fashions" are overlapping and closely related to Condé Nast's goods and services rendered under its GQ Mark.

14. Defendant's use of "GQ Fashions" in connection with its store and services is likely to cause confusion, to cause mistake, or to deceive customers and potential customers as to the source of Defendant's store and services; as to an affiliation or connection between Condé Nast's goods and services and Defendant's store and services; as to an affiliation or connection between Condé Nast and Defendant's store and services; and/or as to Condé Nast's approval, endorsement, or sponsorship of Defendant's store and services.

15. Defendant's use of "GQ Fashions" in connection with its store and services is likely to dilute the distinctive quality of the GQ Mark, and is likely to injure the business reputation of Condé Nast.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

    a. Defendant and its officers, directors, agents, servants, employees, and all persons in active concert and participation with them, are required to immediately cease any use and are permanently enjoined from using the mark GQ, or any other mark that is similar in appearance to Condé Nast's GQ Mark as part of any trademark, service mark, trade name, corporate name, or assumed name; or on the Internet in any domain name, title, description, keyword, source code, tag, banner, link, and any other use for the purpose of directing Internet traffic; or in social media; or in any other manner in connection with business, products, or services within the United States.

    b. The Court shall retain jurisdiction over the parties for the purpose of any proceeding to enforce this Consent Final Judgment and Permanent Injunction and the settlement agreement entered by the parties.

    c. This Consent Final Judgment and Permanent Injunction is a final judgment and suitable for entry by the Clerk. All rights to appeal this final judgment on any basis have been expressly waived by the parties.

IT IS SO STIPULATED.

Dated: Jul 8, 2021          **ADVANCE MAGAZINE PUBLISHERS INC.**

_____

Dated: June 30, 2021      **GENTLEMEN'S QUALITY FASHIONS LLC**

_____

SIGNED this ____ day of _____, 2021.

**BY THE COURT:**

_____
THE HONORABLE MARY SCRIVEN
U.S. DISTRICT COURT JUDGE